IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

APRIL 1999 SESSION

FILED

May 18, 1999

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | C.C.A. NO. 01C01-9809-CC-00382 |
| Appellee, | ) | |
| | ) | COFFEE COUNTY |
| VS. | ) | |
| | ) | HON. GERALD L. EWELL, SR., |
| MARSHA ARNOLD, | ) | JUDGE |
| | ) | |
| Appellant. | ) | (Sentencing) |

FOR THE APPELLANT:                    FOR THE APPELLEE:


ROBERT S. PETERS                      PAUL G. SUMMERS
100 First Ave., Southwest             Attorney General & Reporter
Winchester, TN  37398
                                      CLINTON J. MORGAN
                                      Asst. Attorney General
                                      John Sevier Bldg.
                                      425 Fifth Ave., North
                                      Nashville, TN  37243-0493


                                      CHARLES M. LAYNE
                                      District Attorney General


                                      KENNETH SHELTON, JR.
                                      Asst. District Attorney General
                                      P.O. Box 147
                                      Manchester, TN  37349


OPINION FILED:_____



AFFIRMED AND REMANDED FOR CORRECTION OF THE RECORD


JOHN H. PEAY,
Judge

**O P I N I O N**

The defendant pled guilty to possession of marijuana with intent to sell or deliver and was sentenced to one month in county jail and one year, eleven months in the community corrections program. She now appeals, arguing that the trial court imposed an excessive sentence and erred in denying a full alternative sentence. We affirm the trial court's sentencing order on this count.

The defendant was charged with possession of over 14.175 grams of marijuana with intent to sell or deliver, a Class E felony. See T.C.A. § 39-17-417(g)(1)(Supp. 1998).[1] After plea negotiations, the State recommended a sentence of deferred judgment for one year and 100 hours of public service work in exchange for a guilty plea. The trial court declined to accept this plea agreement. After further negotiations, the State recommended a one year sentence of probation, 200 hours of public service work, and the mandatory minimum fine in exchange for a guilty plea. Again, the trial court rejected the plea agreement. The defendant then pled guilty and submitted the case to the trial court for sentencing.

At the sentencing hearing, the defendant maintained that the marijuana found at her house was for her personal use. She also testified that she bought a rather large quantity of marijuana so she could share some with her friends because it was cheaper to buy in bulk. To that end, she testified that she used the baggies and scales

---

[1] The defendant was also charged with possessing drug paraphernalia, but the disposition of this count is unclear. The document reflecting the defendant's guilty plea indicates that on May 19, 1998, the defendant pled guilty only to possession of marijuana with intent to sell or deliver, and the record contains an order dated May 26, 1998, dismissing the possession of drug paraphernalia count because of the defendant's guilty plea to the drug possession charge. The presentence report, however, states that the defendant pled guilty to both counts, and the trial court sentenced the defendant on both counts. The record does not explain this discrepancy, but because the defendant does not question her conviction or sentence for possession of drug paraphernalia, neither shall we.

2

that were found in her house in order to distribute the proper amount of marijuana to her friends and ensure she was not "being cheated." Moreover, she testified that she bought the drugs from a college student named Edward Johnson, but she could not remember his phone number. In her statement contained in the presentence report, she stated, "I would consider helping get the person I bought the marijuana from, [i]f the D.A.'s office will help me."

At the conclusion of the evidence, the trial court told the defendant, "It's apparent to the Court that you are a drug seller and distributor. Although you claim that the marijuana was for your own personal use, the presence of scales and plastic bags convinces the Court that you lie in this regard." The trial court also found that the defendant did not cooperate with the presentence officer in making a forthright statement or truthfully disclosing the name of the person from whom she bought the marijuana. The trial court found no enhancing factors, but stated that this type of offense was "rampant" in Coffee County and needed to be discouraged and that the defendant has a "'sorry' social history." Accordingly, the trial court ordered the defendant to pay the minimum fine of two thousand dollars ($2000) and gave her a sentence of two years, one month to be served in county jail and the balance served on community corrections.

The defendant challenges the length of her sentence, arguing that she should have received the minimum sentence. She also argues that she should not spend any time in jail and instead should be placed on probation or at least solely on community corrections. In this regard, she contends that she is entitled to a presumption of alternative sentencing and that the record contains insufficient evidence to rebut that presumption.

When a defendant complains of his or her sentence, we must conduct a de novo review with a presumption of correctness. T.C.A. § 40-35-401(d). The burden of showing that the sentence is improper is upon the appealing party. T.C.A. § 40-35-401(d) Sentencing Commission Comments. This presumption, however, "is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).

In determining the length of a sentence, T.C.A. § 40-35-210(c) provides that for Class E felonies, such as the one in the instant case, the minimum sentence within the range is the presumptive sentence. If there are enhancing and mitigating factors, the court must start at the minimum sentence in the range and enhance the sentence as appropriate for the enhancement factors and then reduce the sentence within the range as appropriate for the mitigating factors. If there are no mitigating factors, the court may set the sentence above the minimum in that range but still within the range. The weight to be given each factor is left to the discretion of the trial judge. State v. Shelton, 854 S.W.2d 116, 123 (Tenn. Crim. App. 1992).

Here, because the defendant was sentenced to a Class E felony as a Range I standard offender, her possible sentence ranged from one to two years. Although the trial court found no statutory enhancing factors, the presentence report reflects that the defendant admits to "casual use" of marijuana since 1970. The defendant also testified that at least some of the marijuana found in her house was for her own use. Because the defendant admits to prior criminal activity, her sentence should be enhanced under T.C.A. § 40-35-114(1). We agree with the trial court that one mitigating factor is applicable, that is, that the defendant's behavior neither caused nor

threatened serious bodily injury. <u>See</u> T.C.A. § 40-35-113(1). Even so, it is obvious that the trial court gave this mitigating factor little weight, as do we. Thus, balancing the enhancing factor against the mitigating factor, a sentence of two years seems appropriate under the circumstances of this case.

In determining whether the defendant should be incarcerated, the guidelines enumerated in T.C.A. § 40-35-103 should be considered. These guidelines include the need "to protect society by restraining a defendant who has a long history of criminal conduct," the need "to avoid depreciating the seriousness of the offense," the determination that "confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses," or the determination that "measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant." T.C.A. § 40-35-103(1).

Here, the trial court judge specifically stated, "I find that a sentence to confinement, partial confinement, is necessary to avoid depreciating the seriousness of this offense . . . ." The defendant correctly observes that the State failed to prove the need for deterrence, but she fails to recognize that the trial court judge specifically found that she was untruthful when she insisted that the drugs found in her home were for her personal use and that she lied about the identity of her drug supplier. Because untruthfulness reflects upon a defendant's potential for rehabilitation and is itself a valid reason for denying probation, the trial court was justified in imposing short term incarceration in combination with a community corrections sentence. <u>See</u> <u>State v. Chrisman</u>, 885 S.W.2d 834, 840 (Tenn. Crim. App. 1994).

Finding no merit to the defendant's arguments, the sentence imposed by

5

the trial court is affirmed.  However, we remand to the trial court to correct the record regarding the disposition of Count II.


_____
JOHN H. PEAY, Judge


CONCUR:


_____
DAVID H. WELLES, Judge


_____
J. CURWOOD WITT, JR., Judge